UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VICTOR AENLLE,

    Plaintiff,

v.

COUNTY OF SAN MATEO, et al.,

    Defendants.

Case No. 25-cv-07936-JD

**ORDER RE TEMPORARY RESTRAINING ORDER**

Plaintiff Victor Aenlle has asked for a temporary restraining order against defendants the County of San Mateo, County officials, and the County Board of Supervisors (together the County), with respect to searching his property and imposing fines for code violations. Dkt. No. 2. Aenlle applied for a TRO in connection with filing a complaint alleging civil rights violations under 42 U.S.C. § 1983 on a variety of constitutional grounds. Dkt. No. 1. A TRO is denied.

The record does not indicate that Aenlle served the TRO application on the County, or otherwise provided adequate notice of it. The application states that Aenlle "is giving the requisite notice of this motion to Defendants." Dkt. No. 2-1 at 8. Aenlle was also ordered to provide notice by Magistrate Judge Lisa Cisneros. Dkt. No. 4 at 1. Even so, proof of service is not in the record, Aenlle's proposed summonses do not mention the TRO, and no attorney for the County has appeared. *See* Dkt. Nos. 9, 10, 11, 12, 13.

This will not affect resolution of the TRO because the application falls short under the more generous standards of a noticed TRO application, which are the same as the standards for preliminary injunctions. *See Zithromia Ltd. v. Gazeus Negocios De Internet SA*, No. 17-cv-06475-JD, 2017 WL 5612701, at *2 (N.D. Cal. Nov. 14, 2017). The Court has written extensively on these standards, and incorporates those discussions here. *See Your Town Online, Inc. v. All Tribal*

*Networks, LLC*, No. 21-cv-04442-JD, 2021 WL 2894138, at *1 (N.D. Cal. July 9, 2021). In pertinent summary, the Supreme Court has emphasized that injunctive relief is "an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) (quoting *Winter*, 555 U.S. at 20).

The essential element missing in Aenlle's application is a plausible allegation of imminent or likely irreparable harm. *See Zithromia Ltd.*, 2017 WL 5612701, at *2 ("Immediate and irreparable harm" must appear "'clearly' in the case of Rule 65(b)(1), and be threatened or likely under the preliminary injunction standard."). To start, Aenlle says the County will "conduct and rely on warrantless inspections" and "leverage unlawfully obtained evidence in enforcement actions" without a TRO. Dkt. No. 2-1 at 7. But the record indicates that the last time the County "entered and inspected" the property was on July 24, 2024. Dkt. No. 2-2 ¶ 41. This was approximately 14 months before Aenlle filed a complaint and TRO application in September 2025. *See* Dkt. Nos. 1, 2. This lengthy delay sharply undercuts the likelihood that Aenlle faces an imminent injury that warrants extraordinary relief. *See Anonomatic Inc. v. Skyflow Inc.*, No. 22-cv-01469-JD, 2023 WL 149054, at *2 (N.D. Cal. Jan. 10, 2023); *Linton v. Becerra*, No. 18-cv-07653-JD, 2020 WL 2614870, at *3 (N.D. Cal. May 21, 2020); *Lydo Enterprises, Inc. v. City of Las Vegas*, 745 F.2d 1211, 1213 (9th Cir. 1984). There is also no evidence in the record that the County is planning to enter his property again at a reasonably foreseeable time. Aenlle's passing reference to a possible entry in November 2024, *see* Dkt. No. 1 ¶ 102, does not fix the shortfall of irreparable harm evidence. So too for the mention of drone flights, which was not supported by facts stating when or how they may have occurred, and which was not alleged in Aenlle's 70-page complaint.

The concern that the County might "leverage unlawfully obtained evidence in enforcement actions," Dkt. No. 2-1 at 7, does not demonstrate imminent and irreparable harm. Aenlle did not establish that any enforcement actions are underway. There is also no indication that Aenlle

2

would be barred from raising objections to evidence in the event an enforcement action comes to pass in the future.

The same goes for the claim of possible destruction of buildings on the property. Aenlle says the County made "threats of effective demolition" of homes and accessory agricultural buildings because "under the County's current position, the only path it has left open to its purported compliance is demolition of Plaintiff's residence." *Id.* at 7. The is purely speculative. Aenlle did not demonstrate that the County has actually ordered the destruction or removal of any buildings, or is threatening to do so.

The possibility of administrative fines does not establish irreparable harm for injunctive relief. Whether Aenlle has actually been forced to pay a fine is not entirely clear, but in any event the wrongful levying and collection of a fine may be remedied by an order of a refund, which forecloses equitable relief. *See Rahman v. City of Oakland*, No. 3:22-cv-05038-JD, 2022 WL 4292954, at *3 (N.D. Cal. Sept. 16, 2022) ("The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." (quoting *Sampson v. Murray*, 415 U.S. 61, 90 (1974))); *Maffick LLC v. Facebook, Inc.*, No. 20-cv-05222-JD, 2020 WL 5257853, at *3 (N.D. Cal. Sept. 3, 2020) ("It is well established . . . that such monetary injury is not normally considered irreparable." (quoting *Los Angeles Memorial Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1202 (9th Cir. 1980))).

Overall, Aenlle has not demonstrated that he is entitled to the extraordinary relief of a TRO to prevent an imminent and irreparable injury. The application is denied.

**IT IS SO ORDERED.**

Dated: October 8, 2025

JAMES DONATO
United States District Judge